United States District Court
Southern District of Texas

**ENTERED**

July 30, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| RONALD KEITH SMITH, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-24-1856 |
| THOR MOTOR COACH, INC. and DEMONTROND RV CONROE LLC, | § § § | |
| Defendants. | § § § § | |

**MEMORANDUM AND OPINION**

Ronald Keith Smith purchased a recreational vehicle in Texas from DeMontrond RV Conroe LLC. The vehicle carried a warranty agreement from the manufacturer, Thor Motor Coach, Inc. Mr. Smith alleges that DeMontrond and Thor breached the warranty agreement because the vehicle was "defective in materials and workmanship," and the defendants failed to properly repair it. The warranty agreement contains a forum selection clause requiring claims to be brought in the state of manufacture, Indiana. The defendants have separately moved to transfer the case to the United States District Court for the Northern District of Indiana. For the reasons set out below, the motions to transfer are granted.

## I.     Background

In January 2024, Ronald Keith Smith purchased a 2022 Thor Miramar (the "RV"), in Conroe, Texas from DeMontrond RV Conroe LLC. (Docket Entry No. 1 at ¶ 7). The purchase was accompanied by an implied warranty of merchantability and an express warranty guaranteeing repair should certain malfunctions arise (the "Warranty Agreement"). (*Id.* at ¶¶ 9–11). The Warranty Agreement was between Mr. Smith and Thor Motor Coach, Inc., the manufacturer of

the RV. (Docket Entry No. 5 at ¶ 8). Mr. Smith alleges that, on delivery, the RV was "defective in materials and workmanship" and possessed "water leaks defects, non-conformities, and conditions," causing the vehicle to be "out of service over 90 days in the first year of ownership." (Docket Entry No. 1 at ¶ 14). Mr. Smith returned the RV to DeMontrond for repair several times; he alleges that DeMontrond failed to properly repair the RV as required by the Warranty Agreement. (*Id.* at ¶ 15).

Mr. Smith alleges violations of the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.01 *et seq.*, relating to merchantability, standard of repair, and breach of implied and express warranties. (*Id.* at ¶¶ 19–20). He also alleges breach of the Warranty Agreement and implied warranty. (*Id.* at ¶¶ 34, 40).

The defendants have filed separate motions to transfer venue to the Northern District of Indiana under 28 U.S.C. § 1404(a). (Docket Entry Nos. 5, 6). Thor moves on the basis of a mandatory forum selection clause contained in the Warranty Agreement. (Docket Entry No. 5). DeMontrond moves on *forum non conveniens* grounds. (Docket Entry No. 6). Alternatively, the defendants move to dismiss Mr. Smith's complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), or for failure to state a claim upon which relief can be granted under Rule 12(b)(6). (Docket Entry Nos. 5, 6). Mr. Smith has filed no response in opposition. Based on the pleadings, the briefs, and the applicable law, the defendants' motions to transfer are granted. The reasons are set out below.

## II.    The Legal Standard

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The Supreme Court has held that § 1404(a) requires that a valid forum selection clause be "given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 22 (1988) (Kennedy, J., concurring)). Forum selection clauses are considered "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *In re Spillman Dev. Group, Ltd.*, 710 F.3d 299, 306 (5th Cir. 2020) (quoting *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972)).

When a forum selection clause is not present, transfer under § 1404(a) "is properly granted only if the moving party clearly establishes good cause by clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice." *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (quotation marks and quoting reference omitted). The movant's burden is not satisfied by a showing that the transferee venue "is more likely than not to be more convenient." *Id.* (quotation marks and quoting reference omitted). "[T]he fact that litigating would be more convenient for the defendant elsewhere is not enough to justify transfer." *Id.* Rather, the movant must "clearly [] demonstrate that its chosen venue is clearly more convenient." *Id.* (quotation marks and quoting reference omitted). This requires showing "(1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue." *Id.*

A district court assessing whether the movant has clearly carried its burden to transfer must consider eight public and private interest factors. *Id.* at 509. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other

3

practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (quotation

marks and quoting reference omitted). The public interest factors are: "(5) the administrative

difficulties flowing from court congestion; (6) the local interest in having localized interests

decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8)

the avoidance of unnecessary problems of conflict of laws or in the application of foreign law."

*Id.* (quotation marks and quoting reference omitted) (alteration adopted).

No one factor is dispositive, and the Fifth Circuit has "cautioned against a raw counting of

the factors that weighs each the same." *Id.* (quotation marks and quoting reference omitted)

(alteration adopted). "Where there is no demonstration by the movant, let alone a clear one, the

district court cannot weigh a factor against the non-movant and in favor of transfer." *Id.* (quotation

marks and quoting reference omitted) (alteration adopted). "Section 1404(a)'s good-cause

requirement prohibits a district court from relying on conclusory assertions in considering the

transfer factors." *Id.* at 513 (quotation marks and quoting reference omitted).

III.    **Analysis**

   A.    **Thor's Motion to Transfer**

   The mandatory forum selection clause in the Warranty Agreement between Mr. Smith and

Thor provides:

> EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES
> RELATING TO ALLEGED BREACH OF EXPRESS WARRANTY AND
> BREACH OF IMPLIED WARRANTIES ARISING BY OPERATION OF LAW
> AS WELL AS THOSE RELATING TO REPRESENTATIONS OF ANY
> NATURE MUST BE FILED IN A STATE OR FEDERAL COURT WITHIN THE
> STATE OF MANUFACTURE, WHICH IS INDIANA.

(Docket Entry No. 5-1 at 17).

   The forum selection clause is "prima facie valid and should be enforced," because Mr.

Smith has not shown that enforcement would be "unreasonable" under the circumstances. *Atl.*

*Marine*, 134 S. Ct. at 575 (quoting *Stewart*, 487 U.S. at 22 (Kennedy, J., concurring)). Nor has Mr. Smith demonstrated "exceptional circumstances" based on the public interest factors that would overcome the forum selection clause. *See id.*; *In re Rolls Royce Corp.*, 775 F.3d 671, 673 (5th Cir. 2014).

Thor's motion to transfer is granted.

**B.      DeMontrond's Motion to Transfer**

Because DeMontrond is not a party to the Warranty Agreement, it cannot rely on the forum selection clause to support transfer. *See Polaris Eng'g, Inc. v. Tex. Int'l Terminals, Ltd.*, 2021 WL 5155691, at *12 (S.D. Tex. Apr. 16, 2021). Instead, the *forum non conveniens* private and public interest factors control the analysis. *See id.* at *3.

As an initial matter, the court notes that transferring the claims against Thor but retaining the claims against DeMontrond would be inefficient and could cause inconsistent judgments. *See In re Rolls Royce*, 775 F.3d at 680. The Fifth Circuit has instructed that claims should not be severed and proceed in two forums when "the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issue to be litigated in two cases." *Id.* (quoting *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148–49 (5th Cir. 1984), *overruled on other grounds by In re Air Crash Disaster Near New Orleans, La. On July 9, 1982*, 821 F.2d 1147 (5th Cir. 1987)). Requiring Mr. Smith to litigate his claims in two courts would "not only [cause] . . . added expense and inconvenience but also the possible detriment of inconsistent results." *Id.* Because the claims against Thor and DeMontrond are based on common questions of law and fact, considerations of judicial economy strongly support transferring all the claims to Indiana.

The private and public interest factors also weigh in favor of transfer.

5

The defendants have shown that the RV was manufactured in Indiana, (Docket Entry No. 6-1 at ¶ 9), and that witnesses and evidence relevant to the RV's manufacture are located in Indiana. (Docket Entry No. 5-1 at ¶¶ 15, 17). By contrast, Mr. Smith has not shown that key witnesses or evidence are located in Texas.

The "court congestion" factor favors transfer. Both the Northern District of Indiana and the Southern District of Texas are congested districts, but the Southern District of Texas is more congested. *See U.S. District Courts Judicial Business 2023 Reports*, https://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2023/12/31 (Southern District of Texas Total Cases: 4,983; Northern District of Indiana Total Cases: 1,293).

The "localized interests" factor is neutral. Texas has an interest in enforcing warranties for vehicles sold in Texas. But Indiana has an interest because the RV was manufactured in Indiana by an Indiana defendant.

The "familiarity with the law" factor favors Indiana. The Warranty Agreement has an Indiana choice-of-law provision:

> THIS LIMITED WARRANTY SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF INDIANA. ANY AND ALL CLAIMS, CONTROVERSIES AND CAUSES OF ACTION ARISING OUT OF OR RELATING TO THIS LIMITED WARRANTY, WHETHER SOUNDING IN CONTRACT, TORT, OR STATUTE, SHALL BE GOVERNED BY THE LAWS OF THE STATE OF INDIANA, INCLUDING ITS STATUTE OF LIMITATIONS, WITHOUT GIVING EFFECT TO ANY CONFLICT-OF-LAW RULE THAT WOULD RESULT IN THE APPLICATION OF THE LAWS OF A DIFFERENT JURISDICTION.

(Docket Entry No. 5-1 at 17). The Northern District of Indiana has the greater familiarity with the Indiana law that will apply to this case.

The "avoidance of unnecessary problems" factor is neutral because there are no issues about conflict of laws or foreign law.

6

The court concludes that transferring this case to the Northern District of Indiana is clearly more convenient than severing the claims against Thor from the claims against DeMontrond and litigating them in different forums.

## IV.    Conclusion

The defendants' motions to transfer venue are granted. (Docket Entry Nos. 5, 6). A separate order will be issued transferring this case to the United States District Court for the Northern District of Indiana.

SIGNED on July 30, 2024, at Houston, Texas.

Lee H. Rosenthal
United States District Judge